# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BANNER LIFE INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KAREN BRAZIL f/k/a KAREN BRAZIL )<br>BREASHEARS, GWENDA WALTERS- )<br>BREASHEARS, N.S.B (a minor), and the )<br>ESTATE of JAMES E. BREASHEARS, )<br>)<br>Defendants. | Case No. |

## BANNER LIFE INSURANCE COMPANY'S
## COMPLAINT FOR INTERPLEADER

Plaintiff, BANNER LIFE INSURANCE COMPANY, by its attorneys, Donald A. Murday and Sara G. Janes, of Chittenden, Murday & Novotny, LLC, pursuant to Federal Rule of Civil Procedure 22, states as follows for its Complaint in Interpleader against Defendants, KAREN BRAZIL f/k/a KAREN BRAZIL BREASHEARS, GWENDA WALTERS-BREASHEARS, N.S.B. (a minor), and the ESTATE of JAMES E. BREASHEARS.

## PARTIES

1. Plaintiff, BANNER LIFE INSURANCE COMPANY ("Banner"), is and was at all relevant times hereto incorporated in the state of Maryland, with its principal place of business at 3275 Bennett Creek Avenue, in the City of Frederick, in Frederick County, in the State of Maryland, and is a citizen of the State of Maryland and not the State of Illinois.

2. Defendant KAREN BRAZIL f/k/a KAREN BRAZIL BREASHEARS ("Karen"), currently resides in the City of Chicago, in Cook County, in the State of Illinois, and is a citizen of the State of Illinois.

3. Defendant GWENDA WALTERS-BREASHEARS ("Gwenda"), currently resides in the Village of Richton Park, in Cook County, in the State of Illinois, and is a citizen of the State of Illinois.

4. Defendant N.S.B. is a minor child who resides in the City of Chicago, in Cook County, in the State of Illinois, and is a citizen of the State of Illinois.

5. James E. Breashears ("James"), deceased, resided in the City of Chicago, in Cook County, in the State of Illinois. On information and belief, Gwenda is the Independent Executor of the ESTATE OF JAMES E. BREASHEARS ("Estate").

## JURISDICTION AND VENUE

6. This is a Complaint in Interpleader brought pursuant to Rule 22 of the Federal Rules of Civil Procedure, and this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000, exclusive of interest and costs, and Banner is diverse from the Defendants.

7. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## COMPLAINT IN INTERPLEADER

8. Banner issued a renewable and convertible term life insurance policy, No. 180254211 (the "Policy"), to James, with a face value of $250,000 and a Policy date of January 18, 2009.

9. On information and belief, James and Karen were married on July 2, 1984.

10. When James submitted his application for the Policy in January of 2009, Karen was listed as the 100% primary beneficiary and there were no contingent beneficiaries listed.

11.     On information and belief, James and Karen were divorced on July 27, 2015, pursuant to a bifurcated judgment for dissolution of marriage entered by the Honorable Judge Regina A. Scannicchio in the matter of *In re the Marriage of James Breashears and Karen Brazil Breashears*, Docket No. 15-D-004471, in the Circuit Court of Cook County.

12.     On information and belief, James and Gwenda were married on July 30, 2015.

13.     On August 19, 2015, Banner received via fax a Beneficiary Change Form for the Policy listing N.S.B., James' "grandaughter" [sic] as 100% primary beneficiary, and also listing Gwenda, James' "wife" as 100% primary beneficiary. The form had a signature at the bottom dated July 31, 2015, which could not be verified as James' signature. Due to the unverifiable signature and the fact that two 100% primary beneficiaries were listed on the form, Banner did not process the beneficiary change.

14.     James died on August 21, 2015. The immediate cause of death listed on his death certificate was metastatic lung cancer and parotid gland cancer.

15.     On or about September 14, 2015, Banner received a claim from Karen for payment of the Policy proceeds in her capacity as a beneficiary under the Policy.

16.     On October 26, 2015, Banner received a claim from Gwenda for payment of the Policy proceeds in her capacity as "Executor for the Estate and CO/Beneficiary with Minor for Estate as outlined in deceased Last Will and Testament."

17.     On December 14, 2015, Banner received from Karen a stamped copy of an order for preliminary injunction dated November 10, 2015, entered by Judge Scannicchio in case number 15-D-004471. The order states in pertinent part that the Estate and Gwenda are enjoined from disposing of the proceeds of the Policy, and further states that the Estate and Karen are "ordered to return the status quo of all financial matters to July 27, 2015 including but without limitation

the beneficiaries of [the Policy]." A true and correct copy of the Order received by Banner from Karen is attached hereto as **Exhibit A**.

18. By reason of the death of the insured, James, Banner admits its contractual liability under the Policy in the amount of $270,884.81 (face value of $250,000 plus $20,884.81 applicable interest).

19. Due to competing claims and the order for preliminary injunction entered in case number 15-D-4471, Banner cannot discharge its admitted liability under the Policy without exposing itself to multiple litigation, multiple liability, or both.

20. Contemporaneously with the filing of this Complaint, Banner seeks leave of the Court to deposit the proceeds of the Policy in the amount of $270,884.81 with the Clerk of the Court pending further order of this Court.

21. Banner is a disinterested stakeholder and claims no interest in the proceeds of the Policy, and is indifferent as to which of the Defendants is entitled to those amounts. Justice and equity dictate that Banner should not be subject to the disputes, or potential disputes, between the Defendants. Thus, Banner respectfully requests that this Court order Defendants to litigate all matters relevant to the Policy among themselves and that the Court dismiss and discharge Banner from all further proceedings.

**WHEREFORE**, BANNER LIFE INSURANCE COMPANY prays this Honorable Court enters an order (or orders) granting it the following relief:

   A. Granting Banner leave to deposit its admitted liability, representing the proceeds under the Policy plus interest, with the Clerk of the Court, said sum to abide the further order of this Court;

   B. Enjoining Defendants, KAREN BRAZIL f/k/a KAREN BRAZIL BREASHEARS, GWENDA WALTERS-BREASHEARS, N.S.B. (a minor), and the ESTATE of JAMES E. BREASHEARS, and each of them, during the pendency of this case, from commencing or prosecuting any proceeding or claim against Banner in any federal

court arising out of or related to the Policy and that said injunction issue without bond or surety;

C. Granting judgment to Banner and declaring that Banner has no further liability to Defendants, KAREN BRAZIL f/k/a KAREN BRAZIL BREASHEARS, GWENDA WALTERS-BREASHEARS, N.S.B. (a minor), and the ESTATE of JAMES E. BREASHEARS, or to any of them, or to any person or entity claiming through them, for the proceeds of the Policy.

D. Finding that Banner has acted in good faith by interpleading its admitted liability under the Policy with the Clerk of the Court;

E. Finding that Defendants, KAREN BRAZIL f/k/a KAREN BRAZIL BREASHEARS, GWENDA WALTERS-BREASHEARS, N.S.B. (a minor), and the ESTATE of JAMES E. BREASHEARS, and each of them, upon entry of final order or judgment in this case, are collaterally estopped from commencing or prosecuting any proceeding or claim against Banner in any state or federal court or other forum arising out of or related to the Policy;

F. Excusing Banner from further attendance in this cause, ordering the Defendants to litigate their claims and contentions concerning the Policy without further involving Banner, and dismissing Banner from this cause with an express finding under Rule 54(b) of the Federal Rules of Civil Procedure that there is no just reason for delaying either enforcement or appeal of the interpleader judgment;

G. Awarding Banner its actual fees and court costs incurred in connection with prosecuting this Complaint for Interpleader, with such fees and costs to be deducted from the amount deposited with the Court; and

H. Granting Banner such further and other relief as this Court deems just and appropriate.

Dated: **June 1, 2018.**

Respectfully submitted,

CHITTENDEN, MURDAY & NOVOTNY, LLC.

By: /s/ Donald A. Murday
One of the Attorneys for Plaintiff
Banner Life Insurance Company

5

Donald A. Murday (dmurday@cmn-law.com)
Sara G. Janes (sjanes@cmn-law.com)
CHITTENDEN, MURDAY & NOVOTNY LLC
303 W. Madison Street, Suite 1400
Chicago, IL 60606
(312) 281-3600
(312) 281-3678 (fax)